## Lilly Rashed, by N. M. Rashed, her next friend, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 5,648.

1. DAMAGES—*when verdict not excessive.* A verdict for seven hundred and fifty dollars is not so excessive as to justify a reversal, where the physicians' bill is eighty or ninety dollars, plaintiff lost three months' time because of the injuries, is still suffering therefrom, and is yet incapacitated for labor.

2. CARRIERS—*personal injuries.* A verdict for plaintiff should not be reversed where the evidence is conflicting whether she was thrown down by the sudden starting of the street car when she was alighting, or whether she walked off the car before it stopped.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

PINKNEY & McROBERTS, for appellant.

WILLIAM M. BARNES and WEIL & BARTLEY, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee sued appellant to recover for injuries sustained by her through the alleged negligence of appellant while she was getting off of appellant's car. The suit resulted in a judgment against appellant for $750 from which judgment this appeal is prosecuted. No questions are raised of error of the trial court in rulings on evidence, or in the giving or refusing of instructions, but the contention of appellant is that the verdict is contrary to law, and is not sustained by the greater weight of the evidence, and that the damages are excessive.

The evidence is that appellee's physician's bill is something like eighty or ninety dollars; that she lost

about three months' time, all as the result of the injuries; that she is yet suffering from the effects of the injuries, which yet incapacitate her for labor. If appellant is liable at all, $750 is not so excessive as to justify a reversal on that account.

There is a conflict of evidence between appellant and appellee as to the cause of the injury, and it might be difficult for this court to say just where the preponderance of the evidence is, therefore this court cannot say the verdict is not supported by the greater weight of the evidence.

It was the province of the jury who saw and heard the witnesses to judge of the weight to be given the testimony of each witness. Undoubtedly there was in the appearance of the respective witnesses certain things of which this court has no knowledge that enabled the jury to determine which side had the greater weight of the evidence, and both sides agree that only in cases where the verdict is clearly and manifestly against the weight of the evidence can or ought this court disturb the verdict on questions of fact, where the evidence is conflicting.

As appears by the evidence, appellee was a Syrian girl, in this country but a short time, who spoke and understood very little English. Indeed the conductor of the car testified that he told her to wait until the car stopped, but that she did not understand him. It is undisputed that appellee sounded the electric bell to get off the car. She so says, and appellant must have seen her do so because he testifies that she was seated at the time she rang the bell and that "as soon as the car stopped, or slowed down, she got up."

It is apparent that the conductor was unable to fix in his mind, at the time he testified, whether the car stopped or merely slowed down. Appellee says she gave notice that she wanted to get off by ringing the electric bell, and that two men with dinner baskets got off just ahead of her, and this is undisputed.

Appellee further testifies that as soon as the car

stopped she stood up to get off and started for the door and started to get off after the two men got off, and while she was getting off the car started and she was thrown to the ground.

The conductor states this differently, in substance that she simply got up and walked off the car while it was in motion, and before it stopped.

Several passengers were on the rear platform from which appellee started to get off, but not one of them, except one young man, was called upon to testify, or even named in evidence.

Appellee called a witness who corroborated her as to where she was found, namely, at the south side of the street. The company called a boy who stood on the platform, and a couple of passengers who were in the car, and the motorman, and they mostly agreed that she lay in Cedar Street, and they said they did not notice that the car stopped until it got to the south side of Cedar Street, but that their attention was not directed at all to anything until after the car stopped at the south side of Cedar street, and the girl had fallen.

No two witnesses seem to agree as to the place on the street where appellee fell from the car. Appellee fell from the car and was hurt. She had no acquaintances on the car, and did not, as we have before stated, speak the language, or have the opportunity to get the names of any witnesses.

In view of the conflicting evidence, and the fact that the verdict has the approval of the trial judge, we cannot say that the jury should have found that she walked off the car before it stopped.

The judgment of the court below is affirmed.

*Affirmed.*